UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reshare Commerce, LLC,

          Plaintiff,

v.

Ace Hardware Corporation,

          Defendant.

Civil No. 09-3067 (ADM/JJG)

**PRETRIAL SCHEDULING ORDER
(PATENT CASES)**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

## **DISCOVERY AND PLEADING OF ADDITIONAL CLAIMS AND DEFENSES**

Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the

party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**FACT DISCOVERY**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **July 30, 2010**.

2. Fact discovery shall be <u>commenced in time to be completed on or before **February 18, 2011**</u>.

3. No more than a total of **twenty-five (25) interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **fifty (50) document requests** and no more than **fifty (50) requests for admissions** shall be served by each side.

4. No more than **sixty (60) hours of depositions, per the Rules as to each depositions**, excluding expert witness depositions, shall be taken by either side.

**EXPERT DISCOVERY**

1. The plaintiff may call up to **three (3)** experts in the fields of patented technology and damages.

2. The defendant may call up to **three (3)** experts in the fields of patented technology and damages.

3. On or before **February 18, 2011**, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

4. On or before **March 18, 2011**, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

5. On or before **April 18, 2011**, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

6. Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

7. The parties shall agree that: (A) drafts of expert reports **will not** be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

8. All expert discovery shall be completed by **May 201, 2011**.

## DISCOVERY RELATING TO CLAIM CONSTRUCTION HEARING

1. Any party alleging infringement shall serve its Claim Chart to the party defending against infringement by **September 10, 2010**. The title of the Claim Chart shall identify the party serving it.

   This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention that there is infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

2. Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by **October 12, 2010**. The title of the Responsive Claim Chart shall identify the party serving it.

   The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent. As to the

       doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

3. On or before **October 25, 2010**, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. On or before **November 8, 2010**, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

       At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

4. Following the parties' meet and confer described above, and no later than **November 15, 2010**, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

       At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

    a. The construction of those claim terms, phrases, or clauses on which the parties agree;

    b. Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known

        to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

    c.    Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

5.    If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

    a.    Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

    b.    Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

    c.    A briefing schedule.

## **DISCOVERY RELATING TO VALIDITY/PRIOR ART**

1.    Within thirty (30) days of receipt of the Claim Chart, the party defending against infringement shall serve to the opposing party a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.

2.    Within thirty (30) days of receipt of the Prior Art Statement, the party alleging infringement shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.

3.    The Prior Art Statements can be, but need not be, in the form of expert reports.

4.    A party can add prior art to its original Statement only by leave of the Court.

**DISCOVERY DEFINITIONS**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale") and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**NON-DISPOSITIVE MOTIONS**

All non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, **and in the form prescribed by Local Rule 37.2.** The "Meet and Confer" requirement should include attempts to do so through personal contact, rather than solely through correspondence. All non-dispositive motions shall be scheduled for hearing by calling Judith Kirby, Judicial Assistant to Magistrate Judge Graham, at (651) 848-1890, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion.

1. All motions that seek to amend the pleadings or add parties must be served by **August 30, 2010**.

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by **March 4, 2011**. If the parties retain expert witnesses, all non-dispositive motions relating to the expert discovery shall be served and filed by **May 20, 2011**.

3. All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

    4. <u>Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.  All motions must be filed and served within the time periods set forth in the local rules.</u>

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to scheduling any non-dispositive motion, parties should consider whether the motion can be informally resolved through Informal Dispute Resolution (IDR).  There is no transcript or other recording of IDR proceedings.  Therefore, all parties should be in agreement to participate in IDR and the Court will first determine whether the matter may be handled informally.  The "moving party" shall electronically file a letter representing that the parties wish to engage in IDR and setting forth the well-defined issue to be resolved.  If it is determined that IDR may be used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each party.

For leave to proceed in a manner other than that outlined above, the requesting party shall electronically file a letter setting forth the specific request.

## DISPOSITIVE MOTIONS

All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1.  Dispositive motions shall be scheduled for a hearing by calling **Gertie Simon**, Calendar Clerk to the Honorable Ann D. Montgomery at **(612) 664-5093**.  Counsel are reminded that they must anticipate the time required for obtaining hearing dates.  All dispositive motions shall be filed and served on or before **June 3, 2011**.

## **TRIAL**

This case shall be ready for a **jury** trial on **August 8, 2011**. The anticipated length of trial is **ten (10)** days.

Dated:  July 21, 2010                                 *s/ Jeanne J. Graham*
                                                                JEANNE J. GRAHAM
                                                                United States Magistrate Judge