IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Reshare Commerce, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>Ace Hardware Corporation,<br><br>　　　Defendant. | Case No. 09-3067 (ADM/JJG)<br><br>**JOINT CLAIM<br>CONSTRUCTION STATEMENT** |

Pursuant to the Court's July 21, 2010 Pretrial Scheduling Order (at pp. 4-5), the parties submit their joint claim construction statement regarding claims 1 and 14 of U.S. Patent No. 6,594,641.

  **A.** **The construction of those claim terms, phrases, or clauses on which the parties agree.**

The parties have not agreed on constructions of any specific terms in the '641 patent, but have agreed that most of the patent's terms can be applied according to their ordinary meaning and do not require a construction by the Court.

  **B.** **Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses.**

Set forth below are (1) a table showing the disputed claim terms for the '641 patent and each party's proposed constructions of those terms, (2) Reshare's evidence in

support of its proposed constructions, and (3) Ace's evidence in support of its proposed constructions.

## 1. Disputed terms and proposed constructions

| Disputed claim term | Reshare's proposed construction | Ace's proposed construction |
| --- | --- | --- |
| "products" (claims 1 and 14) | "products" or, following Ace's proposal, "items for purchase" | specialty items conventionally available only through retailers such as local boutiques or specialty shops |
| "supplier" (claims 1 and 14) | "supplier" or, following Ace's proposal, "a business that sells products" | a business that sells, at wholesale, a specialty line of products not widely available at retail stores |
| "third party retailer" (claims 1 and 14) | "an intermediary between a supplier and a consumer" | a retail store such as a local boutique, salon, or specialty shop, not affiliated with the supplier, that sells the supplier's line of products |
| "lost profits" (claims 1 and 14) | Preamble phrase that is not limiting and thus does not need construction.  If construction was necessary, "loss of advantageous gains or returns" | for items that a third-party retailer would have sold had a consumer not made a purchase via the supplier's web site, the amount the third-party retailer would have received for the item in excess of the item's cost to the third-party retailer |
| "determine the geographically closest third party retailer to the consumer address" (claims 1 and 14) | "determine the third-party retailer having the closest proximity to a geographic identifier of the consumer, such as mailing location, delivery location or zip code" | identify the third-party retailer that is physically closest to the address provided by the consumer |
| "determines the identity of the geographically closest third party retailer to the consumer address" | "determines the identity of the third-party retailer having the closest proximity to a geographic identifier of the | identify the third-party retailer that is physically closest to the address provided by the consumer |

| Disputed claim term | Reshare's proposed construction | Ace's proposed construction |
|---|---|---|
| (claim 1) | consumer, such as mailing location, delivery location or zip code" | |
| "a selected third party retailer" (claims 1 and 14) | "a selected third-party retailer" or, following Ace's proposal, "a chosen third-party retailer" | a third-party retailer chosen by the consumer or, if the consumer chooses to leave that field blank, by the computer |
| "remote device" (claim 1) | "remote device" or, following Ace's proposal, "a device -- such as a personal computer, printer or facsimile -- that is not in the immediate physical vicinity of the CPU" | a computer subsystem — such as a printer, serial port, or disk drive — that is not in the immediate physical vicinity of the CPU |
| "remote input device" (claim 14) | "remote input device" or, following Ace's proposal, "a remote device capable of sending information to the CPU" | a remote device that a consumer uses to receive information from the CPU or send information to the CPU |

### 2. RESHARE'S EVIDENCE IN SUPPORT OF ITS PROPOSED CONSTRUCTIONS

#### a. "products" (claims 1 and 14)

Both the evidence cited by Ace as well as the following additional evidence support Reshare's position that "products" has not been given, and does not require, any special construction and should therefore be construed using its plain and ordinary meaning:

　　Figures 2 & 3
　　Col. 1:63-65
　　Col. 4:56-60

3

*product*:    "something produced by human or mechanical effort or by a natural process" (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*product:*    "something produced" (*Merriam-Webster Online Dictionary* (2010))

### b.    "supplier" (claims 1 and 14)

Both the evidence cited by Ace as well as the following additional evidence support Reshare's position that "supplier" has not been given, and does not require, any special construction and should therefore be construed using its plain and ordinary meaning:

Figures 2 & 3
Col. 5:32-38

*supply(ier)*:    "to make available for use; provide" (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*supply(ier):*    "to make available for use; provide" (*Merriam-Webster Online Dictionary* (2010))

### c.    "third party retailer" (claims 1 and 14)

Both the evidence cited by Ace as well as the following additional evidence support Reshare's proposed construction for this term:

Col. 3:39-45

### d.    "lost profits" (claims 1 and 14)

Both the evidence cited by Ace as well as the following additional evidence support Reshare's position that "lost profits" has not been given, and does not require,

4

any special construction and should therefore be construed using its plain and ordinary meaning:

> *profit*: "an advantageous gain or return." (*Riverside Webster's II New College Dictionary* (1995))
>
> *profit:* "a valuable return." (*Merriam-Webster Online Dictionary* (2010))

    **e.** **"determine the geographically closest third party retailer to the consumer address" (claims 1 and 14)**

Both the evidence cited by Ace as well as the following additional evidence support Reshare's proposed construction for this term:

    Col. 4:8-10
    Col. 4:65-68
    Col. 5:1

    **f.** **"determines the identity of the geographically closest third party retailer to the consumer address" (claim 1)**

Both the evidence cited by Ace as well as the following additional evidence support Reshare's proposed construction for this term:

    Col. 4:8-10
    Col. 4:65-68
    Col. 5:1

    **g.** **"a selected third party retailer" (claims 1 and 14)**

Both the evidence cited by Ace as well as the following additional evidence support Reshare's position that "selected" has not been given, and does not require, any special construction and should therefore be construed using its plain and ordinary

meaning.  The evidence identified in 2(c) supports Reshare's proposed construction for "third party retailer."

    Col. 2:7-11

    *select*:     "to pick out from among several; choose"  (*Riverside Webster's II New College Dictionary* (1995))

    *selected*:     "singled out in preference; chosen"  (*Riverside Webster's II New College Dictionary* (1995))

### h.     "remote device"  (claim 1)

Both the evidence cited by Ace as well as the following additional evidence support Reshare's position that "remote device" has not been given, and does not require, any special construction and should therefore be construed using its plain and ordinary meaning:

    Col. 3:20-33
    Col. 3:60-66

### i.     "remote input device"  (claims 1 and 14)

The evidence cited by Ace supports Reshare's position that "remote input device" has not been given, and does not require, any special construction and should therefore be construed using its plain and ordinary meaning.

6

### 3. ACE'S EVIDENCE IN SUPPORT OF ITS PROPOSED CONSTRUCTIONS

#### a. "products" (claims 1 and 14)

For the term "products" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

```
Abstract
Col. 1:5-15
Col. 1:16-24
Col. 1:25-41
Col. 1:42-52
Col. 1:53-59
Col. 2:12-46
Col. 4:4-19
Col. 4:21-31
Col. 4:60-67
Col. 5:1
Claims 1, 14
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002
```

#### b. "supplier" (claims 1 and 14)

For the term "supplier" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

```
Abstract
Col. 1:5-15
Col. 1:16-24
Col. 1:25-41
Col. 1:42-52
Col. 1:53-59
Col. 2:12-46
```

Col. 4:4-19
Col. 4:21-31
Col. 4:60-67
Col. 5:1
Claims 1, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

### c.     "third party retailer"  (claims 1 and 14)

For the term "third party retailer" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Col. 1:5-15
Col. 1:16-24
Col. 1:25-41
Col. 1:42-52
Col. 1:53-59
Col. 2:12-46
Col. 4:4-19
Col. 4:21-31
Col. 4:60-67
Col. 5:1
Claims 1, 14, 16
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002
U.S. Patent No. 6,336,100 (Yamada) – Figure 1, Col. 2:34-49, Col. 3:13-31,
    claims 1-2

*third party*:          "a person other than the principals"  (*Merriam-Webster Online Dictionary* (2010))

### d. "lost profits" (claims 1 and 14)

For the term "lost profits" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

> Abstract
> Col. 1:42-45
> Col. 1:53-59
> Col. 2:3-6
> Col. 2:7-11
> Col. 2:27-34
> Col. 4:4-19
> Col. 5:1-5
> Col. 5:32-38
> Col. 5:44-48
> Claims 1, 14, 20

Ace also identifies the following extrinsic evidence:

> *profit*: "The amount received for a commodity or service in excess of the original cost." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

### e. "determine the geographically closest third party retailer to the consumer address" (claims 1 and 14)

For the phrase "determine the geographically closest third party retailer to the consumer address" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

> Abstract
> Figure 3
> Col. 2:12-18
> Col. 2:25-37
> Col. 3:3-4

9

Col. 4:1-2
Col. 4:45-56
Col. 5:38-42
Col. 5:55-58
Col. 6:1-19
Claims 1, 14
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002

Ace also identifies the following extrinsic evidence:

*geographic(al)*:    "Of or relating to geography."  (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*close*:    "Being near in space or time."  (*American Heritage Dictionary of the English Language* (4th ed. 2000))

      **f.**    **"determines the identity of the geographically closest third party retailer to the consumer address"  (claim 1)**

For the phrase "determines the identity of the geographically closest third party retailer to the consumer address" in the '641 patent's claim 1, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figure 3
Col. 2:12-18
Col. 2:25-37
Col. 3:3-4
Col. 4:1-2
Col. 4:45-56
Col. 5:38-42
Col. 5:55-58
Col. 6:1-19
Claims 1, 14
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview

10

Response to Office Action mailed August 8, 2002

Ace also identifies the following extrinsic evidence:

*geographic(al)*:   "Of or relating to geography."  (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*close*:   "Being near in space or time."  (*American Heritage Dictionary of the English Language* (4th ed. 2000))

### g. "a selected third party retailer"  (claims 1 and 14)

For the term "a selected third party retailer" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figures 2 and 3
Col. 1:42-60
Col. 2:12-18
Col. 2:25-39
Col. 2:47-63
Col. 3:1-4
Col. 3:36-45
Col. 3:58-60
Col. 4:4-19
Col. 4:21-31
Col. 4:45-67
Col. 5:1-5
Col. 5:39-47
Col. 5:55-67
Col. 6:1-7
Col. 6:8-20
Claims 1, 12, 14
Office Action mailed April 9, 2002
Interview Summary of August 2, 2002 interview
Response to Office Action mailed August 8, 2002
U.S. Patent No. 4,797,818 (Cotter) – Abstract, Col. 1:10-43, Col. 4:56-68, Col. 5-
    1-12, claims 1, 2, and 6

11

 U.S. Patent No. 6,336,100 (Yamada) – Abstract, Figures 2 and 3, Col. 1:22-31, Col. 3:6-12, Col. 4:23-59, Col. 5:7-29, claims 1-2, 9-12
 U.S. Patent No. 5,970,472 (Allsop) – Abstract, Figures 8 and 9, Col. 1:15-33, Col. 3:31-36, Col. 7:24-40, Col. 8:32-65, Col. 9:34-67, Col. 10:1-15

Ace also identifies the following extrinsic evidence:

*select*: "To take a choice from among several; pick out." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*selected*: "Singled out in preference; chosen; a select few." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*third party*: "a person other than the principals" (*Merriam-Webster Online Dictionary* (2010))

### h.  "remote device" (claim 1)

For the term "remote device" in the '641 patent's claim 1, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

 Abstract
 Figures 1 and 2
 Col. 2:12-46
 Col. 2:65-67
 Col. 3:20-27
 Col. 4:4-19
 Col. 4:21-31
 Col. 4:31-44
 Col. 5:55-67
 Claims 1, 6-11, 14, 20-21, 27-31

Ace also identifies the following extrinsic evidence:

*remote*: "Not in the immediate vicinity, as a computer or other device located in another place (room, building, or city) and accessible through some type of cable or communications link." (*Microsoft Computer Dictionary* (4th ed. 1999))

12

| | |
|---|---|
| *device*: | "A generic term for a computer subsystem.  Printers, serial ports, and disk drives are often referred to as devices; such subsystems frequently require their own controlling software, called device drivers." (*Microsoft Computer Dictionary* (4th ed. 1999)) |

### i.     "remote input device"  (claim 14)

For the term "remote input device" in the '641 patent's claims 1 and 14, Ace identifies the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figures 1 and 2
Col. 2:12-46
Col. 2:65-67
Col. 3:20-27
Col. 4:4-19
Col. 4:21-31
Col. 4:31-44
Col. 5:55-67
Claims 1, 6-11, 14, 20-21, 27-31

Ace also identifies the following extrinsic evidence:

| | |
|---|---|
| *remote*: | "Not in the immediate vicinity, as a computer or other device located in another place (room, building, or city) and accessible through some type of cable or communications link." (*Microsoft Computer Dictionary* (4th ed. 1999)) |
| *input*: | "Information entered into a computer or program for processing, as from a keyboard or from a file stored on a disk drive." (*Microsoft Computer Dictionary* (4th ed. 1999)) |
| *device*: | "A generic term for a computer subsystem.  Printers, serial ports, and disk drives are often referred to as devices; such subsystems frequently require their own controlling software, called device drivers." (*Microsoft Computer Dictionary* (4th ed. 1999)) |

13

  **C.** **Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.**

Neither party intends to call witnesses at the claim construction hearing.

Dated: November 15, 2010.

/s Sharna A. Wahlgren
Alan M. Anderson, Reg. No. 149500
Sharna A. Wahlgren, Reg. No. 241581
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
aanderson@briggs.com
swahlgren@briggs.com
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

Russell E. Levine, P.C.
Garret A. Leach
William Cory Spence
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
russell.levine@kirkland.com
garret.leach@kirkland.com
cory.spence@kirkland.com
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Plaintiff*
*Reshare Commerce, LLC*

/s Robert J. Gilbertson
Robert J. Gilbertson, Reg. No. 22361X
Monte A. Mills, Reg. No. 030458X
John W. Ursu, Reg. No. 032257X
GREENE ESPEL PLLP
200 South Sixth Street, Suite 1200
Minneapolis, MN 55402
BGilbertson@GreeneEspel.com
MMills@GreeneEspel.com
JUrsu@GreeneEspel.com
Telephone: (612) 373-0830
Facsimile: (612) 373-0929

*Attorneys for Defendant*
*Ace Hardware Corporation*